FILED
 2005 May-23 PM 03:08
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DARRELL FOWLER, ) | |
| an individual, d/b/a FOWLER ) | |
| MACHINE TECHNOLOGIES, ) | |
| INC., a business entity, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.  CV-05-S-448-NE |
| ) | |
| UNITED HEALTHCARE ) | |
| OF ALABAMA, INC., ) | |
| ) | |
|     Defendant. ) | |

### MEMORANDUM OPINION

This action is before the court on defendant's motion to compel arbitration of all claims asserted by plaintiff, and to stay proceedings herein, pending such arbitration.[1]  The court ordered plaintiff to respond to this motion on or before May 6, 2005,[2] but he failed to do so.  Even so, the court proceeds to evaluate the merits (or lack thereof) of defendant's motion.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA" or "the Act"), establishes a national policy favoring arbitration of disputes.  *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987).  "[A]ny doubts

---

[1] Doc. no. 3.

[2] *See* court's order entered on April 25, 2005 (no document number assigned).

concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985).

Here, defendant provided health insurance: for the benefit of the employees of plaintiff's business (Fowler Machine Technologies) and their dependents; and, as a part of plaintiff's group health benefit plan (the "Plan").[3] The Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").[4]

As Claims Administrator, defendant exercised discretion to determine an individual's eligibility for coverage, and to otherwise construe the terms of the insurance policy.[5] Defendant allegedly authorized Heather Chandler, a Plan beneficiary, to undergo a medical procedure on December 19, 2001.[6] Defendant subsequently denied Ms. Chandler's claim for reimbursement, however, on the basis that the insurance policy was terminated prior to the date on which the medical

---

[3] *See* doc. no. 4, Stalinski Declaration, ¶ 2.
[4] *See* doc. no. 4, Ex. A at 1.
[5] Doc. no. 4, Stalinski Declaration, ¶ 2.
[6] *See* doc. no. 1 (Notice of Removal), appended complaint, ¶ 3; *see also* doc. no. 4, Stalinski Declaration, ¶ 4.

treatment was performed.[7]  Plaintiff alleges two claims in the amended complaint: bad faith refusal to pay a valid insurance claim, misrepresentation, and detrimental reliance; and, in the second count, intentional infliction of emotional distress.[8]

The insurance contract that forms the basis of the controversy between plaintiff and defendant included the following provision:

**ARTICLE 6 — GENERAL PROVISIONS**

. . . .

**6.2 Dispute Resolution.**  IF THE ENROLLING GROUP AND THE PLAN ARE UNABLE TO RESOLVE A DISPUTE OR IF THE ENROLLING GROUP WANTS FURTHER REVIEW OF A DECISION BY THE PLAN, IT MAY SUBMIT THE DISPUTE TO NON-BINDING MEDIATION AS A PREREQUISITE TO ARBITRATION.  FOR ARBITRATION, THE ENROLLING GROUP SHALL SUBMIT THE COMPLAINT OR DISPUTE TO BINDING ARBITRATION, PURSUANT TO THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION.  THIS IS THE ONLY RIGHT THE ENROLLING GROUP HAS FOR FURTHER CONSIDERATION.  THE MATTER MUST BE SUBMITTED TO BINDING ARBITRATION WITHIN 1 YEAR OF THE DATE THE FINAL DECISION WAS FURNISHED TO THE ENROLLING GROUP.[9]

For purposes of this provision, the "ENROLLING GROUP" was defined as plaintiff "Fowler Machining and Technology," and the "PLAN" was defined, in relevant part, as defendant "United HealthCare of Alabama, Inc."[10]

---

[7] *See* doc. no. 4, Stalinski Declaration, ¶¶ 3-4.

[8] *See* doc. no. 1 (Notice of Removal) at appended amended complaint, ¶¶ 10-15.

[9] Doc. no. 4, Ex. A, § 6.2 at 3-4.

[10] Doc. no. 4, Ex. A at "Exhibit 1 to Group Policy."  The court could not locate definitions

The court concludes that the terms of this clause encompass the claims brought by plaintiff in this action. Accordingly, and pursuant to 9 U.S.C. § 4, the parties will be ordered to proceed to arbitration of all claims, in accordance with the terms of the arbitration clause in the parties' contract.[11]

The action also will be dismissed, rather than stayed, pending arbitration of the parties' claims. Several courts have concluded that section 3 of the Federal

---

for the terms "DISPUTE" or "DECISION" in the evidentiary materials submitted by defendant.

[11] 9 U.S.C. § 4 reads as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, *and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement*. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof. [Emphasis supplied.]

Arbitration Act, 9 U.S.C. § 3,[12] does not preclude dismissal of an action, as opposed to entering a stay of proceedings, especially where, as here, *all* of the underlying claims must be submitted to arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sparling v. Hoffman Construction Co., Inc.,* 864 F.2d 635, 638 (9th Cir. 1988); *Boyd v. Homes of Legend,* 981 F. Supp. 1423, 1443 (M.D. Ala. 1997); *Sea-Land Service, Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986). In *Alford,* the Fifth Circuit adopted the reasoning of the district court in *Sea-Land,* which found dismissal of the action without prejudice to be justified in such circumstances:

> [W]e do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Alford,* 975 F.2d at 1164 (quoting *Sea-Land*, 636 F. Supp. at 757). In *Boyd*, another

---

[12] 9 U.S.C. § 3 reads as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

district court within this Circuit found the Fifth Circuit's reasoning persuasive, observing "[d]ismissal better serves the interests of judicial economy." 981 F. Supp. at 1443. For the same reasons, this court finds that dismissal, rather than a stay of proceedings, is appropriate in these circumstances.

Accordingly, it will be ordered that this case is dismissed, but without prejudice to the parties' right to pursue their claims in the arbitral forum, and, without prejudice to either party's right to seek appropriate relief in this court at the conclusion of proceedings in the arbitral forum, should that become necessary. Stated differently, the court will retain jurisdiction for the sole and limited purposes of enforcing, vacating, or modifying the arbitrator's award. *See* 9 U.S.C. §§ 9 – 12. This memorandum opinion, and accompanying order, will constitute the final judgment of the court, subject only to the right of either party to petition the court to reinstate this action for the purpose of invoking this court's residual jurisdiction. Such reinstatement, when allowed, will cause the filing date of the reinstated action to relate back to the date upon which this action was commenced.

An appropriate order will be entered contemporaneously herewith.

DONE this 23rd day of May, 2005.

_____
United States District Judge